BENSON INVESTMENT COMPANY v. CARLOS F. WHEATON.[1]

November 5, 1943.

No. 33,598.

[1]Reported in 11 N. W. (2d) 769.

*Harry S. Swensen,* for appellant.

*Keyes, Pardee, Solether & Carr,* for respondent.

PER CURIAM.

Action in the municipal court of Minneapolis to recover a $420 commission claimed in connection with the sale of defendant's stock of hardware at Deephaven. The case was tried by the court and findings of fact and order for judgment made in favor of defendant. Plaintiff's motion for amended findings or a new trial was denied, and it appealed from the judgment entered.

Plaintiff's action is based upon a written agreement dated March 12, 1941, which was set forth as part of the complaint and submitted in evidence by plaintiff. It provided that plaintiff would receive 10 percent commission on any sale effected either by it or defendant while the agreement was in force. It further provided that it should remain in force until June 12, 1941, and thereafter until 15 days' written notice of cancellation thereof was sent by registered mail to plaintiff.

In his answer defendant denied that he had entered into the contract set forth in the complaint, and at the trial, over the objection of plaintiff, he submitted evidence that he had signed the printed form of agreement furnished by plaintiff before the blank spaces

thereon were filled in, upon the express condition that plaintiff would fill them in so that the agreement would extend only for a period of 60 days after March 12, 1941; and upon the further condition that plaintiff would promptly mail him a copy thereof after it was thus completed. Defendant submitted further evidence that the agreement offered by plaintiff had been completed contrary to such instructions, in that plaintiff had filled in the blanks thereon so as to extend it for a period of 90 days from March 12, 1941, and thereafter until 15 days' notice of cancellation thereof; and that defendant had not received a copy thereof until long after the sale in question and shortly prior to the commencement of this action.

Plaintiff disputed this and testified that the agreement as submitted by it was complete on March 12, 1941, before its signature by defendant, and that a copy thereof had been left with defendant at that time.

On June 18, 1941, without the assistance of plaintiff, defendant sold the stock of hardware in question. Upon this sale plaintiff bases his claim for commission under the aforesaid agreement.

In its findings the trial court determined that the agreement was in blank at the time it was signed by defendant; that he signed it upon the express condition that plaintiff would complete it so as to limit its agency to 60 days and would thereafter mail it, as thus completed, to defendant for his inspection and approval; that plaintiff thereafter completed it contrary to such conditions, in that it was made to extend for a period of 90 days and thereafter until the 15 days' notice of cancellation was received; that plaintiff failed to send defendant a copy thereof at any time; and that because of such failures the agreement never became effective.

On appeal plaintiff contends (1) that the court erred in permitting defendant to testify as to the conditions attached to his signature of the contract, contending that such testimony varied the terms of the agreement and violated the parol evidence rule; and (2) that the court erred in thus permitting defendant to introduce evidence of fraud and deceit under the general denial in his answer.

■ The trial court's decision was based upon its conclusion that the contract never became effective because of the failure of plaintiff to deliver a copy thereof completed in accordance with defendant's instructions. There was a sharp conflict in the testimony on this point. There is ample evidence, however, reasonably to sustain the finding of the trial court in this respect. Both defendant and his wife gave definite testimony that neither of them had received a copy of the contract until August 21, 1941, and that the blanks on the copy then received had been filled in contrary to instructions as hereinbefore indicated. Correspondence between the parties, particularly plaintiff's letter of August 21, 1941, forwarding a copy of the agreement to defendant, corroborates the latter's testimony in this respect.

Had the court found that the contract was complete on March 12, 1941, and that it was delivered to defendant on that date, there would be some force in plaintiff's argument that the parol evidence rule prevented defendant from submitting evidence to vary or alter the terms of such agreement. However, since the court did not so find, it does not appear that the parol evidence rule is here involved or has been violated. In effect, the court found that there was *no contract* between the parties, and hence it cannot be said that evidence was admitted to vary or alter its terms. The court properly permitted defendant to submit evidence relative to the conditions he attached to his execution of the blank instrument and to prove that such conditions had not been complied with; hence that no contract existed between the parties. This was not in violation of the parol evidence rule. See 2 Dunnell, Dig. & Supp. § 3377.

■ It is true that defenses of fraud or deceit generally must be specially pleaded, but we are not here concerned with that question. Rather, the trial court's decision, as above indicated, is based upon its conclusion that the proposed contract was signed conditionally, that the conditions were not complied with, and hence that such proposed contract did not become effective. As

indicated, the testimony of defendant related to the failure to fulfill the conditions upon which he signed the contract.

While it is true that a party may not prove affirmative defenses under a general denial, it is well established that he may submit evidence tending to show that the allegations in the complaint are untrue, or to disprove any fact which must be established to prove the cause of action. It has frequently been held that under a general denial a defendant may show that the contract sued upon was conditional and that the conditions were not fulfilled; or that no contract was in fact made; or that the specific contract in question was not made; or that the contract asserted against him was materially different from the one actually entered into; or he may show what the contract really was. See 17 C. J. S., Contracts, pp. 1184 to 1186, § 549, subd. b. The testimony submitted by defendant falls well within these rules and was properly admissible under his general denial.

Affirmed.

MR. JUSTICE LORING, absent because of accidental injuries, took no part in the consideration or decision of this case.

